PER CURIAM.
The plaintiff below appeals from a judgment rendered in part in its favor and in part adverse. Plaintiff sold certain specialized machinery to the defendant Wenko Trailer & Body Co., Inc., herein referred to as Trailer. The corporate stock of Trailer was owned by the defendant Wenko Realty Corporation. The stock of the latter and of the defendant Wenko Equipment Co., a Florida Corporation, was owned by the defendant James H. Wenck.
Plaintiff filed an action against Trailer, seeking recovery of the unpaid portion of the cost of the machinery, and for damages for alleged fraud on the ground that Trailer acquired the machinery with intent not to pay therefor. Later, with leave of court, plaintiff filed a second amended complaint, in which it joined Wenck, Wenko Realty Corporation and Wenko Equipment Co., and in added counts alleged that the negotiations which resulted in sale of the machinery to Trailer were made by Wenck, acting for himself or for the other named corporations, and that Wenck and said other corporations thereby incurred liability to plaintiff for the cost of such machinery; that Wenck and said other corporations had represented to plaintiff that they would be the purchasers; that such representation was false; that Trailer was a sham corporation, and was employed by the other defendants for “illegal and unlawful purposes”, whereupon plaintiff sought judgment piercing the corporate veil of Trailer, and judgment against all defendants.
Following a non-jury trial, judgment was entered in favor of the plaintiff against Trailer for $19,302.14, with costs and attorney fees (to be determined later), and in favor of Wenck, Wenko Realty Corporation and Wenko Equipment Co., absolving them of liability. The appellant contends the latter portion of the judgment was error. In consideration thereof and in the light of the record, briefs and argument we hold no reversible error has been shown.
Inherent in the judgment were findings of the court, as the trier of the facts, adverse to the plaintiff that Wenck and the *827 realty or equipment corporations had not so acted as to become liable for the obligation of Trailer for the cost of the purchased machinery. There was no evidence of any agreement by Wenck or said corporations guaranteeing the indebtedness or to become obligated to pay the same. The judgment of the court so ruling and holding that Wenck and the realty corporation and the equipment company were not liable for the cost of the machinery was supported by substantial competent evidence.
The judgment is affirmed.